■ BERKOWNERS, INC., Appellant, v DIME SAVINGS BANK OF NEW YORK, FSB, Respondent. [730 NYS2d 339] —In an action, *inter alia,* to recover outstanding maintenance arrears with respect to a cooperative apartment, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated August 24, 1999, as, upon renewal, adhered to so much of a prior order of the same court, dated October 1, 1998, as denied that branch of the plaintiff's motion which was for partial summary judgment to recover maintenance obligations incurred before June 21, 1993.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon renewal, so much of the order dated October 1, 1998, as denied that branch of the plaintiff's prior motion which was for partial summary judgment to recover maintenance obligations incurred before June 21, 1993, is vacated, and that branch of the plaintiff's prior motion is granted.

The plaintiff cooperative corporation, Berkowners, Inc. (hereinafter Berkowners), is the owner of an apartment building located in Queens. Nelly Cortez acquired one of the apartments by purchasing shares of Berkowners' stock. The legend on the stock certificate states that Berkowners shall "have a first lien upon the shares of each shareholder to secure the payment by such shareholder of all rent to become payable by such shareholder." Cortez financed her purchase with a loan from the defendant, Dime Savings Bank of New York, FSB (hereinafter Dime). Dime secured the loan by perfecting a security interest in the shares of stock.

Beginning in 1990, Cortez failed to pay the maintenance charges which were due under the proprietary lease. Thereafter, she defaulted on her loan payments to Dime. Dime foreclosed on its collateral and purchased the stock at the foreclosure sale.

Berkowners commenced this action against Dime to recover, *inter alia*, the outstanding maintenance charges, and moved for summary judgment on the issue of liability with respect to these arrears among other relief. The Supreme Court denied the motion insofar as it was to recover maintenance incurred prior to the foreclosure sale. The Supreme Court subsequently granted Berkowner's motion for leave to renew, and upon renewal, adhered to its prior determination. We reverse.

Based upon the decision of the Court of Appeals in *ALH Props. Ten v 306-100th St. Owners Corp.* (86 NY2d 643), shares of a co-op are considered "securities" which are governed by UCC article 8. Pursuant to that statute, "[a] lien in favor of an issuer upon a certificated security is valid against a purchaser only if the right of the issuer of the lien is noted conspicuously on the security certificate" (UCC 8-209). Since the legend on the stock certificate states that Berkowners "shall" at all times have a "first lien" upon the shares of stock for any unpaid maintenance charges, Berkowners has a lien on the shares of stock for any unpaid maintenance charges, which it may enforce against Dime. Accordingly, the Supreme Court should have granted partial summary judgment to Berkowner. O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.